[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16119
Non-Argument Calendar

_____

D. C. Docket No. 06-00251-CR-T-24MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN HUERTA-ZARCO,
a.k.a. Roberto Madrigal-Espinoza,
a.k.a. Roberto C. Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 18, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Juan Huerta-Zarco ("Huerta") appeals his sentence of 84 months imprisonment after pleading guilty to one count of being found unlawfully in the United States after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). For the first time on appeal, Huerta argues that his sentence violates his Fifth and Sixth Amendment rights because it relies on an enhancement based on a fact not determined by a jury beyond a reasonable doubt and is a violation of Double Jeopardy.

We review for plain error a constitutional claim not raised in the district court. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005). Under the plain error standard, before an appellate court can correct an error not raised at trial, there must be "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

Under § 1326(a), any alien who has been deported and subsequently reenters the United States without permission is subject to a maximum 2-year sentence. 8 U.S.C. § 1326(a). The statute increases the penalty to a maximum term of 20 years imprisonment "in the case of any alien . . . (2) whose removal was subsequent to a

2

conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2).

Among the offenses categorized as an "aggravated felony" is "illicit trafficking in a

controlled substance, including a drug trafficking crime." 8 U.S.C.

§ 1101(a)(43)(B).

In *Almendarez-Torres*, the Supreme Court specifically addressed whether

"[§ 1326(b)] defines a separate crime or simply authorizes an enhanced penalty"

and concluded "that the subsection is a penalty provision, which simply authorizes

a court to increase the sentence for a recidivist," and does not "define a separate

crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 226, 118 S. Ct. 1219,

1222, 140 L. Ed. 2d 350 (1998). It went on to hold that "neither the statute nor the

Constitution requires the Government to charge the factor that it mentions, an

earlier conviction, in the indictment." *Id.* at 226-27, 118 S. Ct at 1222.

In *Apprendi*, the Supreme Court declined to revisit *Almendarez-Torres* and

held that, "[o]ther than the fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to

a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S.

466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000). The Supreme Court

later revisited the rule set forth in *Apprendi*, clarifying that "the 'statutory

maximum' for *Apprendi* purposes is the maximum sentence a judge may impose

3

*solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington,* 542 U.S. 296, 303, 124 S. Ct. 2531, 2537, 159 L. Ed. 2d 403 (2004) (emphasis in original). In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Court extended *Blakely*'s holding to the Sentencing Guidelines, concluding that the guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge, under a mandatory system, to increase a defendant's sentence based on facts that were neither found by a jury nor admitted by the defendant. 543 U.S. at 243-44, 125 S. Ct. at 755-56. The Court also explicitly reaffirmed "[that a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244, 125 S. Ct. at 756.

We have held that the Supreme Court's decision in *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). We have also noted that while recent decisions may arguably cast doubt on the future prospects of *Almendarez-Torres*, the Supreme Court has not explicitly overruled *Almendarez-Torres*, and, as a result, it is still good law. *See Camacho-Ibarquen*, 410 F.3d at 1315-16, 1316 n.3

(upholding an enhancement under § 1326(b)(2)).

After reviewing the record, we conclude that Huerta's argument is without merit.

Huerta next argues that his sentence violates *Apprendi* because the district court enhanced his sentence based on a prior conviction. We have held, however, that a prior conviction can form the basis of a sentencing enhancement even if not admitted by the defendant or proven beyond a reasonable doubt. *Id.* at 1315. Thus, Huerta's argument is foreclosed by precedent.

Huerta also argues that his sentence violates Double Jeopardy. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. This protection applies both to successive punishments and to successive prosecutions for the same offense. *Witte v. United States*, 515 U.S. 389, 395-96, 115 S. Ct. 2199, 2204, 132 L. Ed. 2d 351 (1995). Enhancement statutes "do not change the penalty imposed for the earlier conviction," but "penaliz[e] only the last offense committed by the defendant." *Nichols v. United States*, 511 U.S. 738, 747, 114 S. Ct. 1921, 1927, 128 L. Ed. 2d 745 (1994). Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that

5

behavior. *Witte*, 515 U.S. at 398-99, 115 S. Ct. at 2205-06.

Huerta's sentence was enhanced based on a prior conviction, but it did not violate the Double Jeopardy Clause because it was simply a harsher punishment for the instant conviction, not additional punishment for a prior conviction. *See Nichols*, 511 U.S. at 747, 114 S. Ct. at 1927. Huerta's double jeopardy argument also fails because *Almendarez-Torres* specifically held that § 1326(b) is a penalty provision, authorizing a court to increase the sentence for a recidivist, rather than defining a separate crime. *Almendarez-Torres*, 523 at 226-227, 118 S. Ct. 1219 at 1222. Therefore the district court did not violate the Double Jeopardy Clause in using Huerta's prior conviction to enhance his sentence.

For the above-stated reasons, we affirm Huerta's sentence.

**AFFIRMED.**